**K.H., et al., by their next friend and Guardian Ad Litem, Patrick T. MURPHY, Plaintiffs,**

v.

**Sue SUTER, Director, Illinois Department of Children and Family Services, and Gary T. Morgan, Guardianship Administrator, Illinois Department of Children and Family Services.**

No. 87 C 9833.

United States District Court,
N.D. Illinois, E.D.

April 26, 1991.

Patrick Thomas Murphy, Cook County Public Guardian, Chicago, Ill., for Patrick T. Murphy, plaintiff.

Gary Michael Griffin, Illinois Atty. Gen.'s Office, Christina M. Tchen, Susan Getzendanner, Charles F. Smith, Jr., Hilary K. Krane, Skadden, Arps, Slate, Meagher & Flom, Jeffrey Wayne Finke, Hartman & Finke, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

Defendants Sue Suter, Director of the Illinois Department of Children and Family Services ("DCFS") and Gary T. Morgan, Guardianship Administrator of DCFS, move this court to "reconsider" its November 2, 1990 order granting plaintiffs leave to file a second amended complaint or, in the alternative, to stay or dismiss these proceedings in deference to a parallel federal class action *B.H. v. Johnson*, No. 88 C 5599 (N.D.Ill.) (Grady, J.) (filed June 29, 1988).

Plaintiff K.H.'s initial complaint was filed by her attorney, the Cook County Public Guardian, on November 16, 1987. She filed her first amended complaint on March 4, 1988, seeking compensatory and punitive damages under 42 U.S.C. § 1983 for alleged violations of the Fourteenth Amendment of the United States Constitution, the federal Adoption Assistance and Child Welfare Act of 1980 ("AAA"), 42 U.S.C. §§ 620–628, 670–679, and the Illinois Juvenile Court Act, Ill.Rev.Stat. ch. 37, para. 701–1 *et seq.* Plaintiff raised no class action allegations in her first amended complaint nor did she seek injunctive relief.

On September 6, 1989, this court granted in part and denied in part defendants' motion to dismiss K.H.'s first amended complaint on various grounds. The court denied that portion of defendants' motion which sought dismissal on qualified immunity grounds pursuant to *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (§ 1983 defen-

dant can be made to pay damages for violating a plaintiff's constitutional right only if the specific right which the defendant violated was a "clearly established" right of which a "reasonable person" would have known at the time the defendant violated it). On September 24, 1990, the Seventh Circuit affirmed this court's qualified immunity ruling in part and remanded the case to this court to "determine how much of the [first amended] complaint survives our analysis of immunity." *K.H. v. Morgan,* 914 F.2d 846, 854 (7th Cir.1990).

The Seventh Circuit held that K.H.'s claimed right not to be placed with a foster parent whom DCFS *"knows or suspects to be a child abuser"* (emphasis in original) was "clearly established" in 1986. *Id.* at 852. The court held however, that K.H.'s allegations challenging the practice of shuttling children among numerous foster parents were "novel[ ]" and not "clearly established" in 1986. *Id.* at 853. The court noted the seriousness of K.H.'s allegations in this regard, but nonetheless found that the asserted constitutional right to "a stable foster-home environment" is "more problematic [than the right not to be placed with a foster parent whom DCFS "knows or suspects to be a child abuser"] and its existence and dimensions remain to be explored in proceedings suitable to the elaboration of constitutional rights. The Supreme Court believes that damage suits [such as K.H.'s] are not suitable for this purpose." *Id.* at 854. The Seventh Circuit did *not* suggest that K.H.'s first amended complaint be amended after remand to seek injunctive relief in order to provide such a "suitable" proceeding.

Such a "suitable" proceeding was already pending in this district before Judge Grady at the time the Seventh Circuit issued its opinion. *B.H. v. Johnson* had been filed against the Director of DCFS in June of 1988 seeking class-wide declaratory and injunctive relief under § 1983 for alleged violations of the Fourteenth Amendment and the AAA. On February 22, 1989, Judge Grady certified a class in *B.H.* defined as: "all persons who are or will be in the custody of the Illinois Department of Children and Family Services and who have been or will be placed somewhere other than with their parents." *B.H. v. Johnson,* 715 F.Supp. 1387, 1389 (N.D.Ill.1989) (citing Order 88 C 5599 (N.D.Ill. Feb. 22, 1989)). After two years of litigation, the parties, at the suggestion of Judge Grady, entered into an agreed order which provided that the court would appoint a panel of experts to make recommendations that the parties hoped would form the basis for a settlement between them. The thirteen court-appointed experts issued a lengthy report in October of 1990. In November of 1990, plaintiffs submitted a proposed settlement to DCFS. Subsequently, Governor Jim Edgar and plaintiffs asked Judge Grady for time until March 18, 1991 for the new Administration to respond to plaintiffs' settlement proposal. Judge Grady also set September 9, 1991 as a firm trial date for *B.H.* in the event that settlement negotiations fail.

Following the Seventh Circuit's opinion in this case, this court held a status hearing on November 2, 1990, at which K.H.'s counsel requested leave to file a second amended complaint. This court granted leave to amend, although at that time neither defendants nor the court had yet seen K.H.'s proposed amendment. The court merely gave leave to file a second amended complaint and left any attacks against that complaint for the filing of appropriate motions at a later date.

Plaintiff filed a second amended complaint on January 25, 1991 ("the *K.H. II* Complaint"). For the first time in the three years this case has been pending the "*K.H. II* Complaint" seeks injunctive relief on behalf of a class consisting of

all children who are or will be subjects of neglect dependency, or abuse petitions filed in [Cook County] Juvenile Court, who are or will be denied adequate care and treatment due to defendants' practice of placing them in multiple and/or abusive foster homes, group homes, shelters and residential institutions.

Defendants argue that the *K.H. II* Complaint parallels the *B.H.* class action currently pending before Judge Grady. Spe-

434

cifically, defendants argue: (1) that the proposed *K.H. II* class (all Cook County children in the Custody of DCFS) is completely subsumed in the class already certified in *B.H.* (all children *statewide* in the custody of DCFS), and (2) all of the claims raised in the *K.H. II* Complaint are raised in *B.H.* The court agrees.

This court's review of the *K.H. II* Complaint reveals that it bears little relationship to the first amended complaint which went up on appeal to the Seventh Circuit, but instead is remarkably similar to the *B.H.* Complaint.

The court specifically holds as follows:

1. The January 25, 1991 *K.H. II* Complaint transforms this case from an individual damages action into a class action seeking sweeping mandatory injunctive relief.

2. This transformation comes after a period of considerable delay and greatly prejudices defendants.

3. The proposed class in the *K.H. II* Complaint is clearly a Cook County subclass of the broader state-wide class which Judge Grady certified in *B.H. v. Johnson* on February 22, 1989. The *B.H.* class has raised and is now litigating substantially the same federal constitutional and statutory claims asserted in the *K.H. II* Complaint. *B.H.* is near resolution, either by settlement or by trial scheduled for September 9, 1991.

4. If the *K.H. II* Complaint is allowed to stand, there will be two actions pending simultaneously in this district involving the same parties and addressing the same issues, a situation which comity abhors.

5. Considerations of judicial economy and fairness to the parties favor allowing the rights of the parties to be decided in *B.H.* where a final disposition is imminent.

Accordingly, defendants' motion to "reconsider" this court's November 2, 1990 order allowing K.H. leave to file a second amended complaint is granted, and the court hereby strikes the January 25, 1991 *K.H. II* Complaint.